IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| CLARENCE DUKES, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:11-cv-00530 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| RICHARD WILSON, | ) | By: Norman K. Moon |
|     Defendant. | ) | United States District Judge |

Plaintiff Clarence Dukes, a Virginia inmate proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that the defendant violated his constitutional rights by withholding prison employment wages. The defendant has filed a motion to dismiss and Dukes has responded, making this matter ripe for disposition. For the reasons stated herein, the court denies in part and grants in part defendant's motion to dismiss.

**I.**

Between December 6, 2010 and January 24, 2011, Dukes worked as an inmate employee at Keen Mountain Correctional Center. On December 1, 2010, the Virginia Department of Corrections ("VDOC") effected a policy that required inmate employees sign an Offender Pay Withholding Agreement ("Agreement") which gives the inmate's consent for prison officials to deduct 5% of the inmate's wages to be applied toward court fines or other outstanding court-imposed debts. See DOP 841.2(IV)(B)(8).[1] Dukes refused to sign the Agreement because he states that he does not owe any money to the courts or have any other outstanding debts. Dukes

---

[1] This Operating Procedure also indicates that Va. Code § 53.1-41(B) "requires" the VDOC to withhold funds from offender pay to be applied toward any court-imposed debt and that an inmate's "[r]efusal to sign [the Agreement] does not excuse an offender from any requirements to participate in work, treatment, or educational programs, but they will not be allowed to receive payment for participation." However, the court notes that pursuant to Va. Code. § 53.1-41(B), "*[w]hen a person committed to the Department owes* any court imposed fines, costs, forfeitures, restitution or penalties, he shall be required . . . to make payments in accordance with an agreed upon installment . . . . plan while participating in such work program." (Emphasis added). Neither party has cited a Virginia statute which requires inmates who have no court-imposed debt to participate in a payment plan.

alleges that he provided proof to prison officials that he did not owe any debts. As a result of Dukes' failure to sign the Agreement, the defendant withheld Dukes' total wages in the amount of $94.50 for the period of December 6, 2010 through January 24, 2011. Dukes claims that two other inmates did not sign the Agreement but that they received their wages. Dukes argues that the defendant violated his rights to due process and equal protection by withholding his wages.

## II. Due Process Claim

Defendant argues that Dukes has no protected interest in maintaining prison employment. However, that is not the issue. Dukes does not argue that he has a right to work at the prison. Rather, Dukes asserts a property interest in the wages he earned for work already performed.[2] The Due Process Clause of the Fourteenth Amendment prohibits the States from depriving any person of property without "due process of law." The court finds that defendant has not demonstrated in his motion to dismiss that Dukes has no property interest in receiving his wages for work performed. Accordingly, defendant's motion to dismiss is denied as to Dukes' due process claim.

## III. Equal Protection Claim

To establish an equal protection violation, a plaintiff must first demonstrate that he or she has been "treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination;" once this showing is made, the court proceeds to determine whether the disparity in treatment can be justified under the requisite level of scrutiny. See Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001). Conclusory allegations of disparities are insufficient to state a claim. Spaulding v. Dixon, et al.,

---

[2] Pursuant to Va. Code § 53.1-42, VDOC prisoners "shall be allowed an amount to be established by the Board for each day of labor satisfactory to the superintendent or sheriff in whose charge he is." And, pursuant to VDOC Operating Procedure 841.2(IV)(B)(11), "offenders are compensated for work performed."

1990 U.S. App. LEXIS 15560, *2 (4th Cir. 1990); Chapman v. Reynolds, 378 F. Supp. 1137, 1139 (W.D. Va. 1974).

In this case, Dukes alleges that two other inmates who did not sign the same form were still paid their wages. While Dukes does allege that he was treated differently from the other prisoners with regard to payment of wages, he has not reasonably demonstrated that he was similarly situated to those prisoners. Further, Dukes does not show, or even allege, that the unequal treatment was the result of intentional or purposeful discrimination. Therefore, Dukes has failed to state a cognizable claim for relief under § 1983.

**IV.**

For the reasons stated, the court denies defendant's motion to dismiss as it relates to Dukes' due process claim but grants defendant's motion as it relates to Dukes' equal protection claim.[3]

The Clerk is directed to send copies of this memorandum opinion and accompanying order to the parties.

ENTER: This 28th day of August, 2012.

*/s/ Norman K. Moon*
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

---

[3] The court liberally construes Dukes' complaint against the defendant in both his individual and official capacities. See Biggs v. Meadows, 66 F.3d 56, 61 (4th Cir. 1995) (A plaintiff filing a § 1983 complaint is not required to expressly plead that he is suing state officials in their individual, rather than official, capacities. The court must look to the substance of the complaint, the relief sought, and the court of the proceedings to ascertain the nature of plaintiff's claims.) To the extent Dukes is attempting to bring this action against the defendant in his official capacity for monetary damages, this is not cognizable in § 1983, and therefore, the court grants defendant's motion to dismiss Dukes' claims for monetary damages against defendant in his official capacity. However, Dukes' claims for monetary damages against defendant in his individual capacity still remain as well as Dukes' claims for injunctive relief against defendant in both his individual and official capacities.