IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| CLARENCE DUKES,       ) | Civil Action No. 7:11-cv-00530 | |
|    Plaintiff,       ) | | |
|           ) | | |
| v.       ) | **MEMORANDUM OPINION** | |
|           ) | | |
| RICHARD WILSON,       ) | By:  Norman K. Moon | |
|    Defendant.       ) | United States District Judge | |

Plaintiff Clarence Dukes, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that the defendant violated his right to due process by withholding prison employment wages.[1] The defendant has filed a motion for summary judgment and Dukes has responded, making this matter ripe for disposition. For the reasons stated herein, I will grant defendant's motion for summary judgment.

**I**.

Between December 6, 2010 and January 24, 2011, Dukes worked as an inmate employee at Keen Mountain Correctional Center ("Keen Mountain").[2] On December 1, 2010, the Virginia Department of Corrections ("VDOC") enacted a policy requiring inmate employees to sign an Offender Pay Withholding Agreement ("Withholding Agreement") which gives the inmate's consent for prison officials to deduct 5% of the inmate's wages to be applied toward court fines or other outstanding court-imposed debts. *See* OP 841.2(IV)(B)(8). Dukes refused to sign the Withholding Agreement based on his belief that he neither owed any money to the courts nor had any other outstanding debts. As a result of Dukes' failure to sign the Withholding Agreement,

---

[1] Defendant previously filed a motion to dismiss which, by order entered August 28, 2012, I granted in part and denied in part. Dukes' claim regarding equal protection was dismissed by this memorandum opinion and order. I then directed defendant to file a motion for summary judgment.

[2] The salient facts in this case, as presented in the defendant's motion for summary judgment, are not disputed.

the defendant withheld Dukes wages for the period from December 6, 2010 through January 24, 2011. Dukes argues that defendant violated his rights to due process by withholding his wages.

Defendant's motion for summary judgment includes an affidavit by G. Cook, the business manager at Keen Mountain, as well as a copy of Operating Procedure 841.2. OP 841.2 states that Virginia Code § 53.1-41(B) requires the VDOC to withhold funds from an offender's pay to be applied toward any court imposed fines, costs, forfeitures, restitution or penalties owed.[3] Defendant states that each offender was required to sign the Withholding Agreement, in order to comply with § 53.1-41(B). Keen Mountain offenders who refuse to have 5% of institutional wages withheld are not excused from any requirements to participate in work programs, but will not receive any payment for working. Cook avers that if an offender does not have court ordered financial obligations, 5% will not be deducted from his wages; however he must still sign the Withholding Agreement. According to defendant, the VDOC database indicates that Dukes has financial obligations in the Sussex County Circuit Court for two cases from 1995.[4]

---

[3] Virginia Code § 53.1-41(B) provides as follows:

> When a person committed to the Department owes any court imposed fines, costs, forfeitures, restitution or penalties, he shall be required as a condition of participating in any work program to either make full payment or make payments in accordance with an agreed upon installment or deferred payment plan while participating in such work program. If, after the person enters into an installment or deferred payment agreement, the person fails to pay as agreed, his participation in the work program may be terminated until all fines, costs, forfeitures, restitution and penalties are satisfied. The Director shall withhold such payments from any amounts due to such person

[4] Dukes' financial obligation for Case No. CR95-00007-00 is $4,245.66 and his financial obligation for Case No. CR95-00008-00 is $201.00. In response to defendant's motion for summary judgment, Dukes asserts that when he refused to sign the Withholding Agreement, he believed that he did not have any outstanding court fines or other debts. Dukes further states that defendant never told him what debt he owed, or provided him with a receipt for the money withheld. However, Dukes does not deny that he owes money pursuant to these cases.

Counselors at Keen Mountain were required to meet with each offender between October 1, 2010 and November 30, 2010, to explain the requirements of § 53.1-41(B) and encourage them to sign the Withholding Agreement. Defendant has submitted the affidavit of R. Farmer, Dukes' counselor at KMCC during that period. Farmer states that he met with Dukes on October 14, 2010, for the purposes of requesting that he sign the Withholding Agreement. Farmer states he read the form to Dukes, and explained what it meant, but Dukes refused to sign the form. Farmer avers that Dukes understood that not signing the form "would impact his pay from his job."

As stated, because Dukes refused to sign the Withholding Agreement, he did not receive any pay for hours worked after December 1, 2010, the effective date of the new policy. According to Keen Mountain records, Dukes was not paid for hours worked from the week ending December 12, 2010 through the week ending January 23, 2011, a total of 210 hours. At Dukes' pay rate of $0.45 per hour, thus, he would have made $94.50 during this time period. Dukes did sign the Withholding Agreement on January 24, 2011, and thus received pay for hours worked subsequent to this date.

## II.

The Due Process Clause of the Fourteenth Amendment provides that no State shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. To prevail on either a procedural or substantive due process claim, inmates must demonstrate that they were deprived of "life, liberty, or property" by governmental action. *See Plyler v. Moore*, 100 F.3d 365, 374 (4th Cir. 1996). When the State deprives an inmate of property pursuant to an affirmatively established or de facto policy, procedure, or custom, the

3

state has the power to control the deprivation and, therefore, generally must, in the absence of compelling reasons to the contrary, give the plaintiff a pre-deprivation hearing. *See Johnson v. Gibbons*, Case No. 3:09cv0753, 2010 U.S. Dist. LEXIS 116800, 4-5 (D. Nev. Oct. 7, 2010), *citing Logan v. Zimmerman Brush Co.,* 455 U.S. 422, 436 (1982); *Haygood v. Younger*, 769 F.2d 1350, 1357 (9th Cir.1985), *cert. denied*, 478 U.S. 1020 (1986). Due process requires prior notice of the intended deprivation. Thus, if the inmate is advised in advance of the intention to take the property and the conditions under which the taking will occur, the requirements of due process have been met. *Id.*[5]

Defendant argues that Dukes was given advance notice that his pay would be withheld unless he signed the Withholding Agreement, and thus, his due process rights were not violated.[6] Defendant has established that, even to the extent that Virginia state law has created a property interest in inmate wages, the notice provided to Dukes was sufficient to protect his liberty interest.[7]

---

[5] Dukes does not claim that Virginia Code § 53.1-41 is unconstitutional.

[6] Defendant also argues that Dukes has no protected interest in his prison employment or wages and that withholding plaintiff's wages until he signed the Withholding Agreement does not implicate due process requirements. Though Virginia Code § 53.1-42 provides for the payment of wages to offenders, defendant argues that the discretion afforded the superintendent regarding these wages means that § 53.1-42 does not give Dukes a protected liberty interest in his prison wages. Defendant cites to the portion of § 53.1-42 which states offenders "shall be allowed an amount to be established by the Board for each day of labor satisfactory to the superintendent or sheriff in whose charge he is." The defendant argues that "because the labor must be satisfactory to the superintendent" the decision to withhold Dukes pay based on his failure to sign the Withholding Agreement, is within the superintendent's discretion. I do not need to rule on this argument, however, because defendant's motion for summary judgment is granted on other grounds.

[7] Further, to the extent that Dukes is attempting to bring a claim under state law, such state law claims are not independently actionable under § 1983 and I decline to exercise supplemental jurisdiction over them, pursuant to 28 U.S.C. § 1367(c). *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990) (violations of state laws by state officials ordinarily do not provide basis for constitutional claims under 42 U.S.C. § 1983). Even construed as a breach of contract claim, Dukes protest regarding the non-payment of wages for work performed lacks constitutional dimension. *See Manning v. Lockhart*, 623 F.2d 536, 538 (8th Cir. Ark. 1980), *citing Sigler v. Lowrie*, 404 F.2d 659, 661 (8th Cir. 1968), *cert. denied*, 395 U.S. 940 (1969) (prisoner has no constitutional right to be paid for his prison labor and such compensation is by grace of the state).

Dukes met with his counselor on October 14, 2010, approximately six weeks prior to the date when the new policy withholding his wages would go into effect. Thus, Dukes had ample notice that, if he chose not to sign the Withholding Agreement, he would not be paid for any of his labor after December 1, 2010. Dukes then had the choice to sign the agreement and work for pay, or refuse to sign the agreement and either work for no pay, or refuse to work.[8] Thus, defendant has shown that prior notice was provided to Dukes that he would not be paid inmate wages for work performed after December 1, 2010, unless he signed the Withholding Agreement. Accordingly, defendant's motion for summary judgment must be granted.

### III.

For the reasons stated, I will grant the defendant's motion for summary judgment. An appropriate order accompanies this memorandum opinion.

**ENTERED**: This  21st   day of May, 2013.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

---

[8] Though he might have faced the loss of his prison job if he refused to work, inmates have no independent constitutional right to a prison job, and as such, prison officials may generally terminate an inmate from a particular prison job for any reason without offending federal due process principles. *See, e.g., Altizer v. Paderick*, 569 F.2d 812 (4th Cir. 1978) (work assignments are generally within the discretion of the prison administrator); *Alley v. Angelone*, 962 F. Supp. 827, 834 (E.D. Va. 1997) (prisoner did not have a protected interest in continued employment); *Bulger v. United States Bureau of Prisons*, 65 F.3d 48 (5th Cir. 1995); *Coakley v. Murphy*, 884 F.2d 1218, 1221 (9th Cir. 1989) (holding that inmates have no protected property interest in continuing in work-release program).